## COMMONWEALTH *vs.* JEREMIAH F. HARRINGTON.

Bristol.    October 28, 1890. — November 25, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Larceny — Evidence — Credibility of Witness.*

At the trial of an indictment, it is competent to show, as affecting the credibility
of the defendant, who is a witness and endeavors to explain various suspicious
circumstances against him, that on the day after the occurrence he testified at
his examination in a district court in regard to the transaction, and gave no
such explanation.

INDICTMENT for larceny from the person of one Delano. At
the trial in the Superior Court, before *Thompson,* J., the govern-
ment, in addition to other evidence tending to show that the
defendant committed the larceny, introduced evidence that the
defendant when with Delano, who was very much intoxicated at
the time, was seen to put his hand into Delano's pockets. The
defendant, who was a witness in his own behalf, explained that
he put his hand into the pockets of Delano while attempting to
get a bottle of liquor which Delano had on his person. The
defendant was then asked if he testified to this attempt of his
to get the bottle at his examination in the district court the day
after the occurrence, and he answered that he did not recollect
whether he did or not. Two police officers, who testified that
they heard the defendant's testimony at such examination, were
permitted to add, against the defendant's objection, that they
did not at that time hear him say anything about attempting to
take a bottle out of Delano's pocket.

The jury returned a verdict of guilty; and the defendant
alleged exceptions.

*J. Brown & R. C. Brown,* for the defendant.

*H. A. Wyman,* Second Assistant Attorney General, for the
Commonwealth.

KNOWLTON, J.    Evidence was introduced tending to show
that the defendant stole a pocket-book from the pocket of one
Delano, as alleged in the indictment. To meet this evidence,
the defendant testified in his own behalf, and endeavored to

explain suspicious appearances testified to by witnesses for the Commonwealth. As affecting his credibility, it was competent to show that at the trial in the district court, the next day after the occurrence, he volunteered to testify in his own defence in regard to the transaction, and gave no such explanation. If his statement made at the last trial had been true, he would have been likely to make it at the first trial.

*Exceptions overruled.*